(Reap. Dec. 9266)

H. A. GOGARTY, INC., A/C NIFE, INC. v. UNITED STATES

Entry No. 728487, etc.

(Decided December 9, 1958)

*Lane, Young & Fox* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The appeals for a reappraisement enumerated in schedules "A" and "B," attached to and made part of the decision herein, have been consolidated for determination.

The parties hereto have entered into a stipulation of fact, which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the Court, as to the merchandise covered by Schedules A and B hereto attached and made a part hereof:

1. That at the time of exportation to the United States of the said merchandise described in Schedule A, such or similar merchandise was not offered for sale in the country of exportation for home consumption, exportation to the United States, or for sale in the United States under the terms and conditions as provided for in Section 402 (c), (d) and (e) of the Tariff Act of 1930, as amended; and that there was no foreign, export, or United States value for such or similar merchandise, as defined in each of the said subsections.

2. That the cost of production, as defined in Section 402 (f) of the Tariff Act of 1930, as amended, was not higher than the respective values stated in Schedule A hereto attached.

3. That the Nife batteries enumerated in Schedule B, hereto attached and made a part hereof, on the respective dates of exportation, were freely offered

for sale to all purchasers in the principal markets of Sweden, the country of exportation, in the usual wholesale quantities, in the ordinary course of trade, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the said merchandise in condition, packed ready for shipment to the United States, at the prices stated in Schedule B; and that the prices for such or similar merchandise offered for sale for exportation to the United States were not higher than the prices for home consumption.

4. That as to all other merchandise not contained or described in Schedules A and B, the appeals for reappraisement are hereby abandoned.

Upon the agreed facts, I find and hold that cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930 (19 U. S. C. § 1402 (f)), is the proper basis of value for the merchandise itemized in schedule "A," attached hereto, and that said value is as shown therein. I further find and hold that foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930 (19 U. S. C. § 1402 (c)), as amended by the Customs Administrative Act of 1938, is the proper basis for the merchandise itemized in schedule "B," attached hereto, and that said value is as indicated therein.

As to any other merchandise, the appeals are dismissed.

Judgment will be entered accordingly.